**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 08-CR-165 (JBW) |
| v. | Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |
| MARK HENRY, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 1, 2008, Mark Henry pled guilty to count one of a three-count indictment, which charged that on March 21, 2007, the defendant offered for transportation and caused to be transported in interstate and foreign commerce hazardous material, in violation of 49 U.S.C. §§ 5103 and 5124.

Henry was sentenced on December 10, 2008. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be eight and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between zero and six months. The offense carried a maximum term of imprisonment of 5 years. See 49 U.S.C. § 5142. The guidelines range of fine was from $1,000 to $10,000. The underlying charges in the indictment were dismissed upon motion by the government.

Henry was sentenced to two years probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. The court notes that the Federal Aviation Administration has notified the defendant of its intent to impose a civil penalty of $31,250 against the defendant's corporation for conduct related to the instant offense.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious because it jeopardized aircraft safety. The defendant has no prior criminal history. A sentence of two years probation reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in such activity will result in a substantial penalty. It is unlikely that this defendant will engage in further criminal activity in light of the consequences he faces for this offense.

Jack B. Weinstein
Senior United States District Judge

Dated: December 29, 2008
Brooklyn, New York